# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEPHEN JOSEPH,

        Plaintiff(s),

v.

HARTFORD FIRE INSURANCE COMPANY,

        Defendant(s).

2:12-CV-798 JCM (CWH)

### ORDER

Presently before the court is a motion for partial judgment on the pleadings filed by defendant Hartford Fire Insurance Company ("Hartford"). (Doc. # 51). Plaintiff Stephen Joseph filed a response in opposition (doc. # 70), and Hartford filed a reply (doc. # 73).

Also before the court is plaintiff's countermotion for declaratory relief or in the alternative for partial judgment on the pleadings. (Doc. # 71). Hartford filed a response in opposition (doc. # 74), and plaintiff filed a reply (doc. # 78).

**I.    Background**

This case arises as the result of a car accident in which plaintiff alleges he was injured by another vehicle. (Doc. # 1-2). Plaintiff had multiple surgeries as a result of the accident. (Doc. # 1-2). Plaintiff settled with the driver of the other vehicle for the driver's policy limit of $100,000. (Doc. # 1-2). However, plaintiff has allegedly incurred more than $250,000 in medical costs relating to the accident. (Docs. # 51 at p. 2, 70 at p. 3).

**James C. Mahan**
**U.S. District Judge**

1  Hartford insured plaintiff at the time of the accident under a personal auto policy. (Doc. # 51
2  at p. 2). Plaintiff also had a personal umbrella liability policy with Hartford. (Docs. # 51 at p. 2, 70
3  at p. 3).
4  Plaintiff filed suit against Hartford for: (1) breach of contract, (2) bad faith, and (3) violation
5  of unfair trade practices act. (Doc. # 1-2). Hartford argues that plaintiff's claims regarding the
6  umbrella liability policy must be dismissed. (Doc. # 51 at p. 2).
7  For purposes of these motions the parties agree that the umbrella policy stated "[Hartford]
8  do[es] not provide: . . . (2) [u]ninsured [m]otorists [c]overage, [u]nderinsured [m]otorists [c]overage,
9  or any similar coverage unless this policy is endorsed to provide such coverage." (Docs. # 51 at p.
10 3, 70 at p. 4). No policy endorsement existed that granted uninsured or underinsured motorist
11 coverage. (Doc. # 51 at p. 3). Hartford did not obtain a signed disclosure statement from plaintiff
12 acknowledging that the umbrella policy did not include uninsured and underinsured motorist
13 coverage. (Doc. # 70 at p. 6).

14 **II.  Legal Standard**

15 Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally
16 identical" to motions for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler*
17 *Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that
18 a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not
19 merely the complaint." *Amerson v. County of Clark*, 2011 WL 4433751, *1-2 (D. Nev. September
20 21, 2011) (*citing Aponte-Teorres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006)).

21 In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must
22 accept all factual allegations in the complaint as true and construe them in the light most favorable
23 to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the
24 pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled
25 to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007);
26 *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must
27 be accepted as true while any allegations made by the moving party that have been denied or
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

**III.     Discussion**

"Interpretation of a contract is a matter of law. Whether a contract is ambiguous is also a question of law." *Beck Park Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 695 F.2d 366, 369 (9th Cir. 1982) (internal citations omitted).

Hartford argues that plaintiff's claims regarding the umbrella policy must be dismissed because the umbrella policy unambiguously stated that uninsured and underinsured motorist protection were not included in the policy. (Doc. # 74 at p. 2). Plaintiff responds by arguing that while coverage may not have been included in the policy, Hartford's policy violated NRS 687B.440, which provides "[a]n insurer offering an umbrella policy to an individual shall obtain a signed disclosure statement from the individual indicating whether the umbrella policy includes uninsured or underinsured vehicle coverage." NRS 687B.440; (doc. # 70 at p. 10). Hartford provides two alternative responses to plaintiff's argument: (1) there is no private right of action under NRS 687B.440 (doc. # 74 at p. 3) and (2) NRS 687B.440 is a notice statute that does not create a waiver (doc. # 74 at p. 4).

Presently, Hartford does not dispute that it violated NRS 687B.440 when it failed to obtain a signed disclosure statement from plaintiff indicating that the umbrella policy did not include underinsured vehicle coverage. Hartford claims that the Nevada insurance code does not create a private right of action. (Doc. # 74 at p. 3). Hartford cites the 2007 Nevada Supreme Court decision, *Allstate Insurance Co. v. Thorpe*, which found that the Nevada insurance commissioner has express authority to "enforce the provisions of the Nevada insurance code," and that the insurance commissioner has "exclusive jurisdiction in regulating the subject of trade practices in the business of insurance." 170 P.3d 989, 994 (Nev. 2007) (citing NRS 679B.120(3); NRS 686A.015(1)).

Plaintiff argues that *Thorpe* is not applicable because there is no statutory scheme that provides an administrative hearing or procedure that could grant relief when an insurer has admitted to a violation of the insurance code. (Doc. # 73 at p. 3). Plaintiff cites to another Nevada Supreme

**James C. Mahan
U.S. District Judge**

- 3 -

Court decision, *Ippolito v. Liberty Mutual*, which held that a private right of action existed for violation of uninsured and underinsured vehicle coverage statutes. 705 P.2d 134 (Nev. 1985).

The *Ippolito* decision was issued in 1985 prior to the enactment of NRS 679B.120 (enacted 1993) and NRS 686A.015 (enacted 1995). Therefore, while *Ippolito* did find a private right of action existed, it has since been overturned by the legislature. Since then the Nevada Supreme Court has found that the insurance commissioner alone has authority to enforce the insurance code. *See Thorpe*, 170 P.3d at 994.

**IV.  Conclusion**

Therefore the court finds that there is no private right of action for violation of NRS 687B.440. Plaintiff's claims regarding the umbrella policy will be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Hartford's motion for partial judgment on the pleadings (doc. # 51) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's countermotion for declaratory relief or in the alternative for partial judgment on the pleadings (doc. # 71) is DENIED.

DATED June 17, 2014.

_____
UNITED STATES DISTRICT JUDGE