1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEPHEN JOSEPH, | 2:12-CV-798 JCM (CWH) |
|         Plaintiff(s), | |
| v. | |
| HARTFORD FIRE INSURANCE COMPANY, | |
|         Defendant(s). | |

**ORDER**

Presently before the court is a motion to reconsider filed by plaintiff Stephen Joseph ("Joseph"). (Doc. #65). Defendant Hartford Fire Insurance Company ("Hartford") filed a response in opposition, (doc. #72), which it later supplemented, (doc. # 75).

Also before the court is Hartford's motion to strike the expert portion of Joseph's supplemental disclosure. (Doc. # 76). Joseph filed a response in opposition, (doc. # 86), and Hartford filed a reply, (doc # 91).

**I.   Background**

This action centers upon an auto insurance dispute between Joseph and Hartford. Joseph alleges that he was injured in a car accident and Hartford refuses to grant him the full amount to which he is entitled under his underinsured motorist policy.

Joseph did not disclose any expert witnesses prior to the stipulated disclosure deadline, October 3, 2013. On January 31, 2014, Hartford moved to exclude any previously undisclosed

**James C. Mahan**
**U.S. District Judge**

expert witnesses due to plaintiff's failure to meet the requirements set forth in Federal Rule of Civil Procedure 26.  Joseph opposed the motion, stating that he intended to call two of his treating physicians as non-retained experts at trial.  At a hearing on the issue, Magistrate Judge Hoffman ordered that the expert witnesses be excluded, after finding that the failure to disclose was neither substantially justified nor harmless.

In the instant motion, Joseph argues that Magistrate Judge Hoffman's order was clearly erroneous and contrary to law.

**II.     Legal standard**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Nev. R. 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.").  "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *3 (D. Nev. 2012).

A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1   **III.     Discussion**

2        Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information

3   or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information

4   or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

5   substantially justified or is harmless."  Joseph argues that Magistrate Judge Hoffman clearly erred

6   in finding that the failure to disclose the non-retained experts was neither substantially justified nor

7   harmless.

8        *a. Substantially justified*

9        Joseph's sole argument as to why the failure to disclose was substantially justified is that his

10  attorney had not tried any cases in federal court since the 2010 amendment to Federal Rule of Civil

11  Procedure 26.  This amendment created disclosure requirements for non-retained expert witnesses,

12  such as treating physicians, who were not otherwise required to prepare a formal report.  Prior to this

13  change, the Federal Rules of Civil Procedure did not contain specific disclosure requirements

14  regarding non-retained experts.

15       Nevertheless, Joseph's argument does not persuade the court that the failure to disclose was

16  substantially justified.  All parties practicing in federal court are responsible for knowing and

17  adhering to the court's procedural requirements.  In this case, Joseph allowed more than four months

18  to elapse after the expert-disclosure deadline before giving any indication that he intended to call two

19  of his treating physicians as non-retained experts.  Thus, the court finds no error in Magistrate Judge

20  Hoffman's ruling that the failure to disclose was not substantially justified.

21       *b. Harmless*

22       Joseph asserts that Magistrate Judge Hoffman clearly erred in finding the failure to disclose

23  was not harmless.  Joseph urges the court to consider the factors laid out in *Olaya v. Wal-Mart Store,*

24  *Inc.*, 2012 WL 3262875 at *3 (D. Nev. Aug. 7, 2012).  These factors are: (1) prejudice or surprise

25  to the party who the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the

26  likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing

27  the evidence.  *Id.*

28

**James C. Mahan**
**U.S. District Judge**

1    Joseph claims that there was no prejudice or surprise to Hartford because Joseph disclosed

2    a list of more than 60 medical providers and over 1400 pages of medical records prior to the

3    deadline.  However, Joseph neglected to indicate which, if any, of the medical providers would be

4    used as expert witnesses.  In order to prepare for trial, one of Hartford's retained experts reviewed

5    and analyzed the entirety of the 1400 pages.  Because Hartford examined all of the records, Joseph

6    argues, there was no prejudice or surprise when Joseph later declared that two of his treating

7    physicians would testify as non-retained experts.

8    Joseph's reasoning would have the court punish Hartford for its own diligence.  It was not

9    Hartford's responsibility to scour through more than 1400 pages of medical records in order to

10   predict whom Joseph might call as an expert witness.  Though Hartford did examine all of the

11   records, it was prejudiced by the fact that plaintiff's failure to disclose created the need to do so.

12   Magistrate Judge Hoffman ruled that plaintiff's failure created enough prejudice to warrant

13   the exclusion of the expert witnesses.  The court finds that this ruling was not clearly erroneous.

14       *c. Bad Faith*

15   Joseph argues that Magistrate Judge Hoffman's order was contrary to law because exclusion

16   of the witnesses would be akin to summary judgment in Hartford's favor.  Joseph argues the court

17   may not exclude these witnesses unless there is a finding of bad faith.

18   Hartford urges the court to rely on *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

19   1101, 1106 (9th Cir. 2001).  The *Yeti* court recognized that exclusion of the defendants' damages

20   expert would make it "almost impossible" for the defendants to rebut the plaintiffs' damages

21   allegations, but held that exclusion was an appropriate remedy for failing to fulfill expert disclosure

22   requirements, without requiring proof of bad faith.  *Id.*  Therefore the fact that Magistrate Judge

23   Hoffman, without a finding of bad faith, ruled that plaintiff's failure warranted the exclusion of his

24   non-retained experts was not in error.

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

**IV.     Conclusion**

The court finds that Magistrate Judge Hoffman's order was neither clearly erroneous nor contrary to law.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Joseph's motion to reconsider, (doc. # 65), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Hartford's motion to strike, (doc. #76), is GRANTED.

DATED August 8, 2014.

_____
**UNITED STATES DISTRICT JUDGE**