UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN JOSEPH,<br><br>                      Plaintiff(s),<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>                      Defendant(s). | Case No. 2:12-CV-798 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Hartford Fire Insurance Company's (hereinafter "Hartford") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. #79). Plaintiff Stephen Joseph (hereinafter "plaintiff") filed a response, (doc. # 122), and Hartford filed a reply. (doc. #128).

Also before the court is a second motion for summary judgment filed by Hartford pursuant to Federal Rule of Civil Procedure 56. (Doc. #82). Plaintiff filed a response, (doc. #117), and Hartford filed a reply, (doc. #129).

**I.   Background**

On December 14, 2005, plaintiff was involved in a motor vehicle accident with an underinsured motorist, Jenna Jabara ("Jabara"). At the time of the accident, plaintiff was insured by Hartford and had paid a premium for an umbrella policy. Plaintiff received the policy limit of $100,000 from Jabara's insurance and subsequently sought underinsured motorist benefits from Hartford.

Plaintiff alleges that he has incurred more than $250,000 in medical expenses since the accident, including the cost of four surgeries to his lower back and left shoulder. Plaintiff's attorney provided Hartford with an invoice for a surgery performed on March 10, 2008. (Doc.

**James C. Mahan**
**U.S. District Judge**

122, Ex. 8). However, after a letter on July 1, 2008, plaintiff's attorney ceased communication with Hartford.

Hartford inquired into whether plaintiff would be subject to additional surgeries stemming from the 2005 accident. Hartford also requested prior medical records. When this request was not met, Hartford asked for an authorization to gather the medical records on its own.

Hartford attempted to procure this information in a plethora of letters and phone calls between July 1, 2008, and October 26, 2011, to which plaintiff's attorney failed to respond. In an October 26, 2011, letter, plaintiff's attorney acknowledged a delayed response and informed Hartford he would forward additional medical records. (Doc. 122, Ex. 13). However, plaintiff's attorney did not provide the requested medical records. Instead, on December 14, 2011, he filed the instant action.

## II.   Legal Standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

James C. Mahan
U.S. District Judge

1 party failed to make a showing sufficient to establish an element essential to that party's case on
2 which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If
3 the moving party fails to meet its initial burden, summary judgment must be denied and the court
4 need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S.
5 144, 159–60 (1970).

6      If the moving party satisfies its initial burden, the burden then shifts to the opposing party
7 to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
8 *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the
9 opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient
10 that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
11 differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809
12 F.2d 626, 631 (9th Cir. 1987).

13      In other words, the nonmoving party cannot avoid summary judgment by relying solely
14 on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,
15 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the
16 pleadings and set forth specific facts by producing competent evidence that shows a genuine
17 issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

18      At summary judgment, a court's function is not to weigh the evidence and determine the
19 truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby,*
20 *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all
21 justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the
22 nonmoving party is merely colorable or is not significantly probative, summary judgment may be
23 granted. *See id.* at 249–50.

24 **III.  Discussion**

25     **a.  Condition precedent of insurance policy**

26      Part E of plaintiff's insurance policy with Hartford provides that Hartford has no
27 obligation to provide coverage under the policy, unless there has been full compliance with a list
28 of duties. Under subsection (B)(1), the policy requires cooperation with Hartford in the

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 investigation, settlement or defense of any claim or suit. (Doc. #79, Ex. A). Hartford argues that
2 this section of the policy negates the coverage requested by plaintiff because plaintiff failed to
3 provide access to his medical records as requested.

4 An insurance policy is a contract between a policyholder and an insurer in which the
5 policy holder agrees to pay premiums in exchange for "financial protection from foreseeable, yet
6 unpreventable, events." *Benchmark Ins. Co. v. Sparks*, 254 P.3d 617, 620 (Nev. 2011). As a
7 contract, both the insured and insurer are bound by the policy and the terms and conditions
8 contained within. *Id.*

9 Nevada law enforces coverage conditions and precludes coverage when a violation of
10 such a condition occurs, irrespective of prejudice to the carrier. *Schwartz v. State Farm Mut.*
11 *Auto. Ins.*, No. 2:07-cv-00060-KJDLRL, 2009 WL 2197370, at *7 (D. Nev. July 23, 2009).
12 Therefore, the provision of the policy requiring cooperation during the investigation is an
13 enforceable condition precedent of the insurance contract. (Doc. #79, Ex. A).

14 **b. Violation of condition precedent of insurance policy**

15 Part E subsection (B)(1) of the insurance policy sets forth, as a condition precedent, that
16 the insured must cooperate with the investigation, defense, or settlement of any claim or suit.
17 (Doc. #79, Ex. A). The court must determine whether the actions by plaintiff constitute a
18 violation of this condition precedent.

19 In *Schwartz,* a strikingly similar case involving an underinsured motorist claim, the
20 plaintiff refused to submit to an independent medical examination (IME) after an auto accident,
21 and instead filed a lawsuit against State Farm. 2009 WL 2197370, at *4. The plaintiff's insurance
22 policy contained a condition which obligated him to be "examined by physicians chosen and
23 paid by [State Farm] as often as [State Farm] reasonably may require." *Id*. Although the plaintiff
24 eventually underwent the IME, the court found that the plaintiff's failure to submit to the IME
25 when requested was a violation of the insurance contract. *Id*. at *7. The court ultimately
26 concluded that the plaintiff's unjustified refusal to submit to an IME, coupled with the filing of
27 the lawsuit, precluded the plaintiff from recovering under the policy. *Id.*
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

In the instant case, plaintiff failed to cooperate with Hartford's repeated requests for prior medical records, causing delay in the settlement of the claim. Plaintiff had an obligation to cooperate with Hartford's reasonable requests, which were made in an attempt to settle the claim. Therefore, by failing to provide the records or authorization to Hartford, plaintiff breached the contract between the parties.

In order to defeat a motion for summary judgment, the nonmoving party must go beyond the assertions and allegations of the pleadings and set forth facts by producing competent evidence that shows a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 324. Here, plaintiff has failed to present any such evidence to show a genuine issue of material fact exists.

Plaintiff claims a genuine issue of fact exists regarding whether Hartford suffered prejudice as a result of plaintiff's alleged breach of the contractual cooperation clause. (Doc. #122). However, because Nevada law does not require prejudice to the carrier, the question of whether Hartford suffered prejudice, is insufficient to show the existence of a genuine issue of material fact. *See Schwartz*, 2009 WL 2197370, at *7 (citing *State Farm Mut. Auto. Ins. Co. v. Casinelli*, 216 P.2d 606 (Nev. 1950)).

### c. Legal action provision

Plaintiff's insurance policy with Hartford contains a provision entitled "Legal Action Against Us." (Doc. # 79, Ex. A). This provision provides that no legal action may be brought against Hartford unless there has been full compliance with all the terms of the policy. *Id*.

In *Schwartz*, plaintiff's unjustified refusal to submit to State Farm's request violated the requisite cooperation in the "Suit Against Us" provision. 2009 WL 2197370, at *7. Ultimately, the court found the breach precluded the plaintiff from recovery.

Plaintiff failed to comply with the "Duties After an Accident or Loss" provision by refusing to cooperate with Hartford. Therefore, plaintiff has violated the "Legal Action Against Us" provision by filing this lawsuit, thereby breaching the contract.

### d. Bad faith claim

Plaintiff alleges Hartford acted unreasonably and in bad faith when handling plaintiff's insurance claim. (Doc. #1-2). The duty to deal fairly and in good faith is implied by common

James C. Mahan
U.S. District Judge

- 5 -

law. *Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F. Supp 900, 904 (D. Nev. 1994). An insurer breaches the duty of good faith when it refuses, without proper cause, to compensate the insured for a loss covered by the policy. *U.S. Fidelity Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer refuses without proper cause, when it has an "actual or implied awareness" that no reasonable basis exists for the denial of the claim. *Id.*

Nevada's definition of bad faith is (1) an insurer's denial of (or refusal to pay) an insured's claim, (2) without any reasonable basis, and (3) the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage or reckless disregard as to the unreasonableness of the denial. *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co.* 863 F. Supp. 1237, 1247 (D. Nev. 1994).

In the present case, it is undisputed that Hartford never denied the claim. Hartford repeatedly requested medical records or an authorization in order to settle the claim. However, plaintiff filed this lawsuit before Hartford was able to collect the requested records and accept or deny the claim. Therefore, plaintiff's bad faith claim fails as a matter of law because Hartford never denied the claim, an element required to prove bad faith.

### e. Defendant's second motion for summary judgment

Defendant filed a second motion for summary judgment asserting a lack of causation between the alleged damages and the December 15, 2005, auto accident. (Doc. #82). However, the court need not address this motion, as plaintiff's failure to cooperate warrants granting summary judgment on the first motion.

## IV. Conclusion

Plaintiff failed to fulfill his obligation to cooperate with Hartford, constituting a violation of the condition precedent. Further, plaintiff's bad faith claim fails as a matter of law because the instant lawsuit was filed before Hartford was able to settle the claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment, (doc. #79), be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that defendant's motion for summary judgment, (doc. #82),
2 be, and the same hereby is, DENIED as moot.
3    DATED September 30, 2014.

_____
UNITED STATES DISTRICT JUDGE