UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN JOSEPH,<br><br>                               Plaintiff(s),<br><br>      v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>                              Defendant(s). | Case No. 2:12-CV-798 JCM (CWH)<br><br>ORDER |

Presently before this court is defendant Hartford Fire Insurance Company's ("Hartford") motion to retax costs. (Doc. # 142). Plaintiff Stephen Joseph did not file a response, and the time to respond has passed.

**I.     Background**

The instant case was filed by plaintiff in the Eighth Judicial District of Nevada. (Doc. # 1). Plaintiff sued defendant for purported mishandling of an underinsured motorist claim, alleging causes of action under Nevada state law. (*Id.*). Defendant petitioned for removal to this court on May 12, 2012. (*Id.*). On September 30, 2014, this court granted defendant's motion for summary judgment on all claims. (Doc. # 130).

On October 14, 2014, defendant filed its bill of costs, including expert witness fees in the amount of $23,043.75. (Doc. # 132). On October 31, 2014, plaintiff filed an objection to the bill of costs. (Doc. # 135). Both parties stipulated that defendant could file a reply. (Doc. # 137). Defendant filed its reply on November 25, 2014. (Doc. # 139). On May 4, 2015, the clerk taxed costs and filed a memorandum of costs taxed. (Docs. ## 140, 141). In its memorandum, the clerk excluded the expert witness fees. (Doc. # 141).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A prevailing party who claims such costs shall serve and file a bill of costs and disbursements on the form provided by the Clerk no later than fourteen (14) days after the date of entry of the judgment or decree." D. Nev. R. 54-1(a).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). However, "[t]he party seeking costs bears the burden of proving the amount of compensable costs." *Slaughter v. Uponor, Inc.*, No. 2:08-cv-01223-RCJ-GWF, 2010 WL 3781800, at *2 (D. Nev. Sept. 20, 2010).

A prevailing party can move to retax costs. Local Rule 54-14 specifies that a motion to retax under Rule 54(d) "shall be filed and served within seven (7) days after receipt of the notice [of the clerk's taxation of costs]." D. Nev. R. 54-14(a); *see* Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action."). "The motion shall be decided on the same papers and evidence submitted to the Clerk." D. Nev. R. 54-14(b).

## III. Discussion

Defendant argues that it is entitled to expert witness fees under Nevada Revised Statute 18.005(5). Defendant asserts that expert witness fees relate to the substance of the lawsuit. As the underlying action was filed in state court, and subject matter jurisdiction in this court is based on diversity, defendant argues that Nevada law should apply. Ninth Circuit precedent forecloses defendant's argument, and thus its receipt of expert witness fees.

Federal law is controlling on issues of procedure in federal court. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). The Ninth Circuit has noted two possible exceptions to the above rule: (1) the federal rule cannot be traced back to a federal statute or duly enacted Federal Rule of Civil Procedure; or (2) the federal rule creates an incentive to shop for the federal forum." *Id.* at 1168.

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Aceves* specifically addressed expert witness costs, concluding that assessment of these costs is a procedural issue. *Id.* at 1167. Therefore, "federal law should control the reimbursement of expert witnesses in federal courts sitting in diversity jurisdiction." *Id.* at 1168. The federal rule can be traced back to a federal statute, 28 U.S.C. § 1821(b), and it is "exceedingly unlikely that section 1821(b) provides litigants an incentive to sue in or remove to federal courts." *Id.*

The applicable federal laws addressing reimbursement for witness fees are 28 U.S.C. § 1821 and 28 U.S.C. § 1920. 28 U.S.C. § 1821 allows per diem pay for eligible witness activity. 28 U.S.C. § 1920 authorizes reimbursement for court-appointed expert witnesses.

Reviewing both statutes, defendant did not provide this court with a sufficient rationale to support awarding costs for its expert witness fees. As previously noted, the federal law, not Nevada law, applies to expert witness fees. Defendant's argument in support of expert witness fees is based on Nevada law, and these costs are not recoverable under the applicable federal rules and statutes. Defendant's motion to retax costs will therefore be denied.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to retax costs, (doc. # 142), be, and the same hereby is, DENIED.

DATED July 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -